# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

FILED
APR - 5 2016
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

In the Matter of the Search of )  **UNDER SEAL**
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:16ms 75
)
[redacted] )
Chesapeake, Virginia 23325 )

**SEALED**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*: **See Attachment A.**

located in the Eastern District of Virginia, there is now concealed *(identify the person or describe the property to be seized)*: **See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description |
|---|---|
| 18 U.S.C. § 2252(a)(2) | Receipt and/or Distribution of Child Pornography |
| 18 U.S.C. § 2252(a)(4) | Possession of Child Pornography and/or Access with Intent to View Child Pornography |

The application is based on these facts: **See Affidavit.**

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

REVIEWED AND APPROVED:

*/s/ Harald S. Julsrud*
Applicant's signature

*/s/ Elizabeth M. Yusi*
Elizabeth M. Yusi
Assistant United States Attorney

Harald S. Julsrud III, Special Agent, HSI
Printed name and title

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY: _____ DEPUTY CLERK

Sworn to before me and signed in my presence.

Date: 4-5-16

City and state: Norfolk, VA

Lawrence R. Leonard
United States Magistrate Judge
Printed name and title

<u>FILED UNDER SEAL PURSUANT TO THE E-GOVERNMENT ACT OF 2002</u>

## ATTACHMENT A

### DESCRIPTION OF LOCATIONS TO BE SEARCHED

The entire property located at ▮▮▮▮▮▮▮▮▮▮ Chesapeake, Virginia, 23325-2801, including the residential building, any outbuildings, and any appurtenances thereto (the SUBJECT PREMISES). The property is further described as a single-story house, the lower half of the house appears to be red brick, and the upper half is beige siding with red shutters and white windows. The front door is white with some red trim, partially covered by a white awning, and has a small wood deck. To the right of the door are the numbers ▮▮▮ There is a single car garage to the right of the residence, with beige siding and a white garage door. There is a large tree in front of the house, and a fenced in back yard.



## ATTACHMENT B

## ITEMS TO BE SEIZED

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely violations of Title 18, United States Code, Sections 2252(a)(2) and 2252(a)(4):

1. Computers or storage media used as a means to commit the violations described above.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the lack of such malicious software;

1

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime(s) under investigation and to the computer user;

e. evidence indicating the computer user's knowledge and/or intent as it relates to the crime(s) under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. contextual information necessary to understand the evidence described in this attachment.

3. Routers, modems, and network equipment used to connect computers to the Internet.
4. Child pornography and child erotica.
5. Records, information, and items relating to violations of the statutes described above including:

    a. Records, information, and items relating to the occupancy or ownership of the SUBJECT PREMISES, including utility and telephone bills, mail envelopes, or addressed correspondence;

    b. Records, information, and items relating to the ownership or use of computer equipment found in the above residence, including sales receipts, bills for Internet access, and handwritten notes;

    c. Records and information relating to the identity or location of the persons suspected of violating the statutes described above;

    d. Records and information relating to the sexual exploitation of children, including correspondence and communications between users of "Application A";

    e. Records and information showing access to and/or use of "Application A"; and

    f. Records and information relating or pertaining to the identity of the person or persons using or associated with the IP address 70.161.118.157 on October 28, 2015 at 5:51:47 PM (17:51:47) Eastern Daylight Time [EDT].

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing

3

or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded, including external and internal hard drives, flash drives, thumb drives, micro SD cards, macro SD cards, DVDs, gaming systems, SIM cards, cellular phones capable of storage, floppy disks, compact discs, magnetic tapes, memory cards, memory chips, and other magnetic or optical media.

